747 A.2d 274

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. SARAH ROBERTS, A/K/A TAHISHA INGRAM,
DEFENDANT–APPELLANT.

February 18, 2000.

## ORDER

This matter having come before the Court on defendant's appeal as of right pursuant to *Rule* 2:2–1(a)(2), and the Court having reviewed the record and considered the argument of counsel, and good cause appearing;

IT IS ORDERED that the judgment of the Appellate Division upholding the defendant's conviction is affirmed on the basis of the unreported majority opinion of the Appellate Division. · The panel held that certain comments of the trial court to the jury did not rise to the level of "plain error" clearly capable of producing an unjust result, warranting reversal under *Rule* 2:10–2. The Court would be remiss, however, were it not to caution trial courts against using any form of language that has a tendency to "understate[ ]" or "trivialize the awesome duty of the jury to determine whether the defendant's guilt was proved beyond a reasonable doubt." *State v. Biegenwald,* 106 *N.J.* 13, 41, 524 *A.*2d 130 (1987) (quoting in the context of a reasonable doubt charge, *Commonwealth v. Ferreira,* 373 *Mass.* 116, 364 *N.E.*2d 1264, 1272 (1977)).

In this case, the trial court came close to doing just that. It informed the jury that it was forecasting that only a brief period of time would be necessary for the jury to deliberate on defendant's guilt.

The following is a sample of the court's comments:

This case we're about to start, folks, is a short case.

If we get the case started today, which is what we're fully intending on doing, we'll have the case to the jury for deliberations by noontime tomorrow. It's not a case that is going into next week. We have a homicide starting on Thursday, I know this case is a short case. Put in the time period and move on past this case by Thursday to another case, that's how sure I am this case is going to be wrapped up here. . . . Best we can try is get another panel up and running, and get the case going, and openings in, and get some of the witnesses we can get on today. May even conclude the State's case today. That's how quickly the case is going to move.

The Court understands the special circumstances of this case. A computer breakdown had kept the jury immobilized for an extended period of time on the morning of the trial. The trial court wished to explain that it would seek to avoid such needless delay if it could. Moreover, the Court recognizes the pressures of time and logistics under which trial courts must operate. Trial courts must understand, as well, that nothing is more important than that they set the atmosphere of calm, unhurried, and studied deliberation that is the hallmark of a fair trial.

This conviction, however, may be affirmed without fear that the jury gave hurried deliberation to its verdict. In its jury charge, the court reiterated that the case was serious and important, requiring the jurors to arrive at a unanimous verdict based only on the evidence. After three and half hours of deliberation, the jury found defendant guilty of first-degree robbery, third-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose. Although a different jury might well have hurried its deliberations, the Court believes that the jury performed its duty with care and agrees that the evidence of defendant's guilt was overwhelming. Therefore, the Court affirms the Appellate Division's ruling, holding that the trial judge's preliminary remarks were not plain error or incurably prejudicial based on the inferences that they may have suggested.

PORITZ, C.J., and O'HERN, GARIBALDI, STEIN, COLEMAN, LONG and VERNIERO, JJ., join in the Court's Order.